**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| CARMEN GABRIELLA SZENDREY-RAMOS, et al. | * * * | |
| Plaintiffs | * * | |
| v. | * * | Civil No. 06-1687(SEC) |
| FIRST BANCORP, et al. | * * * | |
| Defendants | * | |

************************************

| | | |
|---|---|---|
| CARMEN G. SZENDREY-RAMOS, et al. | * * * | |
| Plaintiffs | * * | |
| v. | * * | Civil No. 08-1251(SEC) |
| FIRST BANCORP, et al. | * * * | |
| Defendants | * | |

************************************

**OPINION AND ORDER**

Pending before the Court are various motions by Plaintiffs seeking to dismiss the complaint (Docket # 61 & 74), a Motion to remand the case to state court (Docket # 14), and Defendants' oppositions thereto and cross-motion for costs and attorney's fees (Dockets ##65 & 78). After reviewing the parties' filings, the record as a whole, and the applicable law, the Court hereby **GRANTS** Plaintiffs' motion to dismiss with prejudice the Title VII cause of action (Docket # 74), and their Motion to remand this case (Docket # 14) and **DENIES** Defendants' motion for the imposition of costs and attorney's fees (Dockets ## 65 & 78).

**Factual and Procedural Background**

The procedural background of this complaint and how it came to be what it is now, a consolidation of two identical cases, is somewhat complicated. We will, however, make it simple. The original complaint filed in this case (Docket # 1) charged Co-Defendant First Bank, Co-Plaintiff Szendrey's former employer, and several other defendants, with terminating her employment in retaliation against Szendrey, *inter alia*, for having pointed out

**Civil Case No. 06-1687(SEC)** 2

unethical and/or illegal actions by the Bank.[1] Plaintiff sought relief under Puerto Rico's Act 80 of May 30, 1976, 29 P.R. Laws Ann. §185a, and P.R. Constitution, Art. II §§ 1, 8 & 16. She also alleged that Defendants engaged in defamation and tortious interference with contracts under Puerto Rico Art. 1802 of the Civil Code. Finally, she thought relief for gender discrimination under Puerto Rico Law 100 and Title VII, the only federal claim in her complaint.

Upon Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court, albeit on different grounds, dismissed all of Plaintiffs' state law causes of action. See, Docket # 45. In doing so, the Court concluded that much of Plaintiffs' state law claims required the Court to evaluate Szendrey's performance as General Counsel, which would, in turn, entail an interpretation of P.R. Canon 21, regarding attorney-client privilege. Therefore, the Court concluded that "Canon 21 undisputably belongs to an exclusively Puerto Rican body of law, and one that deals with the highly sensitive matter of lawyers' conduct, and its relation to society's interest in a fully functioning legal system. See, 4 P.R. Laws Ann. Ap. IX, Art. 1. The interpretation of the canons is normally the province of the Puerto Rico Supreme Court." Docket # 45, p. 9. As such, we decided that dismissal without prejudice of all of Plaintiffs' state law claims was proper, as "[c]onsiderations of comity counsel against the Court assuming jurisdiction over such delicate and as of yet unresolved Puerto Rico law issues." Id. at 10.

Following the Court's decision a sole federal cause of action remained before the Court: Plaintiffs' Title VII claim for discrimination and retaliation. In October, 2007, the Court issued a Scheduling Order, whereby it set discovery to conclude by 1/31/2008. See, Docket # 47. Defendants answered the complaint on 10/15/2007. On October 29, 2007, Plaintiff moved for the extension of the discovery deadline. She argued that Defendants had

---

[1] A more detailed account of the facts giving rise to the complaint may be found in the Court's Opinion and Order of 9/28/2007 (Docket # 45).

**Civil Case No. 06-1687(SEC)** 3

failed to cooperate with discovery because of the pendency of the motion to dismiss. See, Docket # 49. She also explained that during that time Plaintiffs' Counsel were to be engaged in intensive litigation because of a previously scheduled trial and court ordered depositions. Id. Although Defendants had been unofficially opposed to such an extension of time, upon Plaintiffs' 12-page motion explaining the reasons for her request of an extension, Defendants filed a response stating that "[n]ow that counsel for Plaintiffs have provided specifics in the Motion [regarding her prior commitments with another court], Defendants have no objection to its granting if the Court is so inclined." Docket # 56, p.2.

The motion and response described above reveal the tension between Counsel for both parties. Shortly thereafter, Plaintiffs filed a Motion to Dismiss Voluntarily Without Prejudice their Title VII cause of action. See, Docket # 61. Plaintiffs explained that, after the Court's order declining to exercise supplemental jurisdiction over their pendent state causes of actions, they filed a parallel case in the local forum. They further reasoned that, because the state law claims mirrored to a large extent the claim before the Court, it would further judicial economy to view all of the causes of actions in one forum. Plaintiffs also stated that they attempted to procure Defendants' approval to said course of action, to no avail. Defendants opposed the dismissal without prejudice arguing that they had a right to having a federal judge entertain Plaintiffs' federal claim pursuant to Title VII. They further argued that should the Court dismiss the case, it should do so with prejudice and with the imposition costs and attorneys' fees upon Plaintiffs. Defendants also informed the Court that after Plaintiffs filed their complaint in local court, the Defendants removed the case to federal court. See, Civil Case No. 08-1251(SEC). The complaint removed was identical to the one before the undersigned prior to the dismissal without prejudice of all the state law causes of actions. The two cases were later consolidated.

The Court scheduled a settlement hearing to attempt to smooth out the parties' differences. During the conference, in view of Defendants' reluctance to negotiate, Plaintiffs agreed to a dismissal with prejudice of their federal claims. Defendants, however, did not

**Civil Case No. 06-1687(SEC)** 4

give way to their demand for the imposition of costs, attorneys' fees and a finding of waiver to objections to the voluminous documents' requests noticed by the Defendants. Also, after consolidating the two cases, Plaintiffs filed a Motion to Remand the case to state court by virtue of their dismissal with prejudice of the only federal cause of action before the Court. See, Docket # 14. Defendants did not oppose.

For the reasons set forth below, the Court hereby **DISMISSES with prejudice** Plaintiffs' Title VII claim; **DENIES** Defendants' motion for costs, attorneys' fees and a finding of waiver of any objections to Defendants' requests for documents; and **GRANTS** Plaintiffs' Motion to Remand the complaint filed in Civil Case No 08-1251(SEC).

**Applicable Law and Analysis**

*Dismissal of the Title VII claims*

Plaintiffs initially filed a notice of voluntary dismissal without prejudice of their federal claims. Fed. R. Civ. P. 41(a)(1)(i) provides that a case can be dismissed through a notice of voluntary dismissal "at any time before service by the adverse party of an answer or of a motion...." The rule further provides that if Defendants have already pleaded, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Because Defendants had already pleaded and they refused to acquiesce to Plaintiffs' request to dismiss, Plaintiffs filed a motion for the Court to approve the dismissal without prejudice of their federal claims in order to continue litigating them in state court. Defendants then opposed to the dismissal without prejudice and moved for the imposition of costs, attorney's fees and a finding that Plaintiffs waived any objections they may have to Defendants' served requests for documents.

In view of Plaintiffs' consent to Defendants' request that the dismissal of their federal claims be with prejudice, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' Title VII claims. As such, we will only discuss herein whether Defendants' request for other measures (*i.e.* imposition of costs, attorney's fees and a finding of waiver), is proper under

**Civil Case No. 06-1687(SEC)** 5

the circumstances which led this case down this road.

*Imposition of Costs and Attorney's Fees*

Defendants have argued that if Plaintiffs are allowed to dismiss the instant case, costs should be imposed upon them. They contend that "[i]t has become commonplace that the plaintiff pay the costs of the litigation as a condition of dismissal." Docket # 65. As part of this argument, they claim that "judicial resources and litigation expenses of all parties could have been saved if Plaintiff would have moved for dismissal at an earlier stage of the proceedings." Docket # 65, p. 14. Finally, they argue that "there are exceptional circumstances and improper actions by Plaintiff and her attorneys that warrant imposing fees as a condition of dismissal." Id. The purported exceptional circumstances are the fact that Plaintiffs pressed for the Court to expedite the resolution of the pending motion to dismiss and for Defendants to conduct discovery. However, once the motion to dismiss was ruled upon, Plaintiffs continued to litigate the Title VII claim for three months after it had filed a parallel case in state court only to then seek the dismissal of their Title VII claims under the disguise of judicial economy.

We first note that Rule 41(a)(2) does not always require "the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant." P.R. Maritime Shipping Authority v. Leith, 668 F. 22 46, 51 (1st Cir. 1981). The decision rests upon "the sound discretion of the district judge, as does the decision of whether to impose attorney's fees." Id. (Citations omitted). As noted above, Plaintiffs moved to dismiss the instant action only after the Court refused to exercise its power to adjudicate Plaintiffs' pendent state law claims because they called for the resolution of complex issues of state law. Defendants argue, however, that Plaintiffs notified their intent to file a complaint in state court since October 18, 2007, but waited until January 10, 2008 to move for the dismissal of the complaint. The court does not find a delay of only three months unreasonable, especially when Plaintiffs' counsel, as shown by the record, had

**Civil Case No. 06-1687(SEC)** 6

multiple commitments during those months which were scheduled in advance.

In determining whether to impose costs upon the plaintiff who dismisses a complaint under Rule 41(a)(2), the Court may take into consideration whether the defendants will benefit from the work performed in the federal case. See, Koch v. Hankins, 8 F. 3d 650, 652 (9th Cir. 1993); Cauly v. Wilson, 754 F. 2d 769, 771-773 (7th Cir. 1985); McLaughlin v. Cheshire, 676 F. 2d 855, (D.C. Cir. 1982). We find that Defendants' expenses as they relate to discovery, research and drafting of motions will be of use to them in the case pending before state court. Therefore, we believe that an imposition of these costs upon Plaintiffs is unwarranted. Defendants posit that costs incurred in the translation of documents will be of no use in the state court, and as such, an award of these costs is warranted. However, it is necessary to note at this point that the only reason why this case was re-filed in state court was because the undersigned, in an exercise of comity, declined its power to adjudicate pendent state law claims. Therefore, the Court will not penalize the Plaintiffs for seeking redress in state court, which was only the obvious result of the Court's decision to dismiss without prejudice the state law claims.

The Court also denies Defendants' request to impose attorney's fees upon the Plaintiffs as this remedy is only available when an action is "frivolous, unreasonable, or without foundation." Alberto San, Inc. V. Consejo de Titulares del Condominio San Alberto, — F. 3d –, 2008 WL 820883 (1st cir. 2008). There is no support in the record for such a finding. As stated above, the only reason for the Court to dismiss the state law causes of action was to allow the Puerto Rico courts to have the opportunity to rule upon such a complex issue of state law as the interpretation of a canon of the Puerto Rico Ethical Code for Lawyers .

*Finding of Waiver of Objections to Discovery Requests*

Defendants also seek for the Court to hold that Plaintiffs have waived any objections to their requests for documents because they failed to answer these or raise objections thereto

**Civil Case No. 06-1687(SEC)**                                                                                      7

within the thirty-day period provided by the Federal Rules of Civil Procedure. They argue that they served requests for production of documents on December 6, 2007, but that Plaintiffs' counsel waited until December 11, 2007 to request Defendants an enlargement of the time to produce the documents requested, but that they did not ask for an extension of time to object to the requests, and that Plaintiffs still need to produce said documents. Docket # 65, p. 16.

Fed. R. Civ. P. 34(b) provides that "the party upon whom the request is served shall serve a written response within 30 days after the service of the request." Armed with this rule, Defendants argue that Plaintiffs waived their right to object to the requests because no objection was made within this period, and because Plaintiffs failed to seek for an extension of time to do so. First, the Court finds that Plaintiffs' December 11 request for an extension of time to produce the documents requested could also be interpreted as a request for an extension of time to review the requests and object to them if necessary. Furthermore, the rule provides that "[a] shorter or **longer** time may be directed by the court..." Therefore, the effect of the waiver is not automatic, as the Court could have extended the time to object to or answer the requests upon Plaintiffs' motion to that effect. Furthermore, Plaintiffs moved to dismiss this complaint under Rule 41(a)(2) shortly after the requests for documents were served upon them. As such, we also deny Defendants' request to condition the dismissal upon a finding of waiver.

*Motion to Remand*

As stated above, after the Court dismissed all of Plaintiffs' state law causes of action, Plaintiffs filed a complaint in state court identical to the one originally filed in this Court. Because said complaint included a Title VII cause of actions -the only claim pending before the Court- Defendants then removed the case to this Court, ignoring the Court's prior reasoning that the complexity and novelty of the state law issues and comity commanded the dismissal of the state law claims. Said case, Civil Case No. 08-1251(RLA), was then

**Civil Case No. 06-1687(SEC)** 8

consolidated with the instant case. Because Plaintiffs' only federal claim was already dismissed, and what remain before the Court are pendent state law claims which the Court has already stated involve complex issues of state law, the Court has discretion to remand this case to the Puerto Rico Court of First Instance. <u>See</u>, <u>Carnegie Mellon University v. Cohill</u>, 484 U.S. 343, 357. As such, we hereby **GRANT** Plaintiffs' Motion to Remand (Docket # 14) and **REMAND** Civil Case No. 08-1251(SEC) to state court. Judgment will be entered accordingly.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 24th day of April, 2008.

S/ *Salvador E Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge
